UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GERARD F. PADDOCK** | * | |
| | * | **CIVIL ACTION NO.** |
| **VS.** | * | |
| | * | **SECTION** |
| **EVENTURE TECHNOLOGIES, LLC** | * | |
| **and** | * | **MAG** |
| **CACI, INC.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES AND/OR REASONABLE ACCOMMODATIONS

The complaint of GERARD F. PADDOCK, domiciled in the Parish of Orleans, State of Louisiana, respectfully represents that:

### DEFENDANTS

1.

Made defendants are:

a.) eVenture Technologies, LLC, a limited liability company licensed to do and doing business in the Parish of Orleans, State of Louisiana, and a subsidiary company of CACI, Inc.;

b.) CACI, Inc., a foreign corporation, licensed to do and doing business in the Parish of Orleans, State of Louisiana.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1331 as the actions complained of herein violate Federal laws prohibiting discrimination in employment based upon disability and/or handicap. Venue is proper in this Court as all of the acts complained of herein occurred within the Parish of Orleans and Defendants have been engaged in business within the Parish of Orleans at all times of the acts complained of herein.

## PARTIES

3.

Plaintiff is a qualified individual within the meaning of the American with Disabilities Act ("ADA"), 42 U.S.C.A. § 12111 (8), in that Plaintiff has a disability, asthma and mold intolerance.

4.

Defendants are "employers" and "covered entities" under the ADA, 42 U.S.C.A. 12111 (4).

## FACTS

5.

Defendants are liable unto Plaintiff under Federal and the State of Louisiana laws

prohibiting discrimination in employment based upon disability and/or handicap, for the following reasons, to-wit:

6.

Prior to and at the time of his job termination, plaintiff was qualified for employment as the Lead Interface Analyst.

7.

On July 10, 2013, Plaintiff's job was terminated and/or put on indefinite leave, in violation of the ADA due to Plaintiff's disability.

8.

On said date, Plaintiff was placed on a Leave of Absence, without pay, based upon his inability to work in an assigned area, which Defendants knew was infected with mold and mildew spores that were caused when waters from Hurricane Katrina in August 2005 flooded the building, located at 2021 Lakeshore Drive, New Orleans, LA 70115.

9.

Defendants attempted to cleanse the building of said mold and mildew. However, when employees were allowed to enter the building, several employees became ill and sick, especially those assigned to work on the first floor of said building.

10.

The reaction of Plaintiff when he was within the building on the first floor was clearly visible to others as he exhibited the following symptoms: difficulty breathing, burning skin,

headaches, wheezing, mental confusion, short term memory loss, muscle spasms, rash, difficulty concentrating, and muscle pains.

11.

When Plaintiff was allowed to move his work area to the second floor of said building, his symptoms became less severe and was better able to cope. When Plaintiff was allowed to move his work area to the third and fourth floors of said building, his symptoms disappeared.

12.

When Defendants refused to allow Plaintiff to continue working with reasonable accommodations, which included those mentioned in Paragraph 11, Plaintiff filed a "Reasonable Accommodation Based on Disability Request Form," provided by and with the Defendants on or about July 23, 2013.

13.

When Defendants failed to act, Plaintiff timely filed a Charge of Discrimination with the New Orleans Field Office of the EEOC under EEOC Charge No. 461-2013-02284. Plaintiff alleged that he had been discriminated against in violation of the ADA. Plaintiff incorporates by reference the EEOC charge as well as the related EEOC investigative file

14.

Plaintiff was issued a Notice of Right to Sue by the EEOC on or about November 20, 2013. Plaintiff timely files this complaint within ninety (90) days of receipt of said Notice.

15.

Plaintiff's disease is a disability and a handicap for purposes of laws protecting Plaintiff from discrimination in employment.

16.

As a result of Defendants' failure to provide reasonable accommodations, Plaintiff has not been able to return to work. Defendants' conduct was/is in violation of state and federal laws prohibiting discrimination in employment against persons based upon a covered disability and/or handicap.

17.

Defendants' conduct resulted in damages to Plaintiff, including but not limited to back pay, front pay, compensatory damages, punitive damages, general damages, past, present and future physical pain and suffering, mental pain and anguish, inconvenience, and lost earning capacity, as well as costs and attorneys' fees.

18.

Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff, GERARD F. PADDOCK, prays that a copy of this petition be served upon the Defendants, EVENTURE TECHNOLOGIES, LLC and CACI, INC., that Defendants be cited to appear and answer same within the legal delays permitted by law, and after all due proceeding had, there be judgment herein in favor of Plaintiff, GERARD F. PADDOCK, and against the Defendants, jointly, individually and in solido, in an amount

justifiable in the premises, including but not limited to back pay, front pay, compensatory damages, punitive damages, general damages, past, present and future physical pain and suffering, mental pain and anguish, inconvenience, and lost earning capacity, together with legal interest from the date of judicial demand until paid, and for all attorneys' fees and costs of these proceedings and for all other remedies available under law and equity.

Respectfully Submitted:

PHILIP A. COSTA (LSBN 4428)
829 Baronne Street
New Orleans, LA 70119
Telephone: (504) 581-9322
Facsimile (504) 581-2773